UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

Hearing Date: **August 17, 2016**
Hearing Time: **3:30 p.m.**

-----------------------------------------------------------x

IN RE:

CASE NO.:15-40163-cec

Shore Pkwy II Realty, Inc.,

CHAPTER 11

                                    Debtor.

Judge: Hon. Nancy Hershey Lord

-----------------------------------------------------------x

## NOTICE OF MOTION TO DISMISS OR
## ALTERNATIVELY FOR RELIEF FROM AUTOMATIC STAY

**PLEASE TAKE NOTICE,** that upon the application of Wells Fargo Bank, N.A. as

Servicing Agent for  U.S. Bank National Association, as Trustee for Credit Suisse First Boston

Mortgage Securities Corp., CSMC Mortgage-Backed Pass-Through Certificates, Series 2006-5,

the undersigned shall move this Court for an Order, pursuant to 11 U.S.C. 1112(b), dismissing

this case, or alternatively pursuant to 11 U.S.C §362(d) for relief from the automatic stay as to

real property known as 2947 Shore Parkway, Brooklyn, New York 11235; and for such other and

further relief as is just and proper.

This motion shall be heard at the United States Bankruptcy Court, Eastern District, 271

Cadman Plaza East, Courtroom# 3577, Brooklyn, New York, 11201 on August 17, 2016 at 3:30

p.m. or as soon thereafter as counsel may be heard.

PLEASE TAKE FURTHER NOTICE, that answering affidavits, if any, must be served

so as to be received not later than seven (7) days before the hearing date of this motion.


Dated: Bay Shore, New York
       July 22, 2016

                                    Respectfully submitted,

                                    FRENKEL LAMBERT WEISS
                                    WEISMAN & GORDON LLP

                                    BY: _____
                                    Karen Sheehan, Esq.
                                    53 Gibson Street
                                    Bay Shore, New York 11706
                                    (631) 969-3100



TO: Shore Parkway 11 Realty, Inc.
    5308 13th Avenue, #248
    Brooklyn, New York 11219

    Eric Horn, Esq.
    Vogel, Bach & Horn, P.C.
    1441 Broadway, Suite 5031
    New York, New York 10018

    U.S. Trustee
    U.S. Federal Office Building
    201 Varick Street, Suite 1006
    New York, NY 10014

    Eric Hewitt
    2947 Shore Parkway
    Brooklyn, New York 11235

2

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------x

IN RE:                                              CASE NO.: 16-40147-nhl

Shore Parkway II Realty, Inc.                       CHAPTER 11

                 Debtor.                  Judge: Hon. Nancy Hershey Lord

----------------------------------------------------------------x

## MOTION FOR RELIEF IN THE ALTERNATIVE

    Karen Sheehan, an attorney admitted to practice law, in the courts of the State of New York

and in this Court, hereby affirms the following to be true under penalty of perjury:

    1.    I am an associate with Frenkel, Lambert, Weiss, Weisman & Gordon, LLP,

attorneys for Wells Fargo Bank, N.A. as Servicing Agent for U.S. Bank National Association,

as Trustee for Credit Suisse First Boston Mortgage Securities Corp., CSMC Mortgage-Backed

Pass-Through Certificates, Series 2006-5 (hereinafter "Secured Creditor or U.S. Bank"), a

secured creditor of the Debtor. I am fully familiar with the facts of this case and submit this

affirmation in support of Secured Creditor's motion for relief in the alternative.

    2.    This is a contested matter seeking an Order pursuant to Federal Rules of

Bankruptcy Procedure Rule 9014, 9020, and 11 U.S.C §1112(b) and §105(a) dismissing this

Petition or 11 U.S.C §362(d) granting Secured Creditor relief from the automatic stay and

granting such other and further relief as this Court deems just and proper under the

circumstances.

I.                        **BACKGROUND INFORMATION**

    3.    Movant is a secured creditor by virtue of a Note and Mortgage given by Gregory

Hewitt ("Mortgagor") dated February 2, 2006 in the amount of $473,800.00, secured by real

property known as 2947 Shore Parkway, Brooklyn, New York 11235 ("Property"). The

promissory note is either made payable to Creditor or has been duly indorsed. Creditor, directly or through an agent, has possession of the promissory note. Creditor is the original mortgagee or beneficiary or the assignee of the mortgage or deed of trust. A copy of the Note, Mortgage and assignments are annexed hereto as **Exhibit A.**

4.    Upon information and belief, the Mortgagor defaulted under the terms of the Note and Mortgage by failing to tender the payment which came due on February 1, 2007.    A foreclosure action was commenced on May 31, 2007 ("Foreclosure Action").

5.    Upon information and belief, on or about February 13, 2014, while the Foreclosure Action was pending, the Mortgagor deeded the property to the Debtor. A copy of the Deed is annexed hereto as **Exhibit B**

6.    A judgment of foreclosure and Sale was granted in the Foreclosure action on September 2, 2015 ("Judgment of Foreclosure and Sale") and a foreclosure sale was scheduled for January 14, 2016. A copy of the Judgment of Foreclosure and Sale is annexed hereto as **Exhibit C.**

7. On January 13, 2016, on the eve of the foreclosure sale, the Debtor filed this instant chapter 11 bankruptcy petition and pursuant thereto an automatic stay was imposed.

8. The proof of Claim filed by Secured Creditor indicates that the amount owed on its loan as of the date of filing is $872,390.42.  The Debtor's schedule A of its petition indicates that the estimated value is approximately $550,000.00.  A copy of the relevant pages from Debtor's petition are annexed hereto as **Exhibit D.**

9. The Property is the Debtor's only asset.  This Debtor appears to have been formed for the sole purpose of managing the Property.  The Debtor's Operating reports indicate that the

Debtor is receiving $1,700.00 for monthly rental charges. The Debtor has no other sources of income.

10.    Interest only payments on Secured Creditor's loan are $2,961.25, combined with the monthly tax and insurance obligation form a total payment of $3,543.70. Upon information and belief, the Debtor has not tendered any adequate protection payments, notwithstanding U.S. Bank's demand for same.

II.    **DISMISSAL PURSUANT TO 11.U.S.C. §1112(b)**

11.    Bankruptcy Code Section 1112(b)(1) provides in part that "on request of a party in interest, and after notice and a hearing . . . the court shall convert . . . or dismiss a case under [Chapter 11], whichever is in the best interests of the creditors . . . for cause."

1112(b)(4) states in relevant part:

"For purposes of this subsection, the term "cause" includes-

(A)  substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;....

(D) unauthorized use of cash collateral substantially harmful to 1 or more creditors:...

12.    The Debtor's estimated market value of the Property is $550,000.00. At the time of filing, Secured Creditor was owed $872,390.42. Secured Creditor Debtor's operating reports indicate that the Property is generates $1,700.00 a month. However, as indicated above, Interest only payments on Secured Creditor's loan are $2,961.25, combined with the monthly tax and insurance obligation form a total payment of $3,543.70. Each month that case remains active results in a substantial or continuing loss to or diminution of the estate.

5

13.     There is also the absence of a reasonable likelihood of rehabilitation.   The Property is the only asset of this Debtor. The debt owed to Secured Creditor originated as a loan originally given to the Mortgagor. As the Debtor is neither an obligor on the Note or Mortgagor on the Mortgage, U.S. Bank cannot modify this loan with the Debtor.

14.     Debtor cannot cram down the Debt owed to Secured Creditor as this is not the Debtor's debt and there is no privity of contract with the Secured Creditor.

15.     As such, the Debtor cannot propose a plan in which the Secured Creditor is impaired. Payment in full of the Judgment of Foreclosure and Sale would be required under any proposed plan and Debtor is unlikely to be able to propose a plan to pay Secured Creditor in full.

   a. **Bad Faith- New Debtor Syndrome.**

16.     The requirement that a debtor file a case under Chapter 11 in good faith is implicit in Bankruptcy Code Section 1112(b), and "'it is well established that bad faith may serve as a ground for dismissal of a bankruptcy petition.'" In re GEL, LLC, 495 B.R. 240, 246 (Bankr. E.D.N.Y. 2012) (quoting In re Island Helicopters, Inc., 211 B.R. 453, 461 (Bankr. E.D.N.Y. 1997)). As one Court of Appeals has observed, "a good faith filing requirement is implicit in several specific provisions of the bankruptcy code, interpreted in light of established policy considerations underlying the code's provision of bankruptcy protection." Carolin Corp. v. Miller, 886 F.2d 693, 698 (4th Cir. 1989).

17.    While the term "cause" is not defined by the statute, Section 1112(b)(4) of the Bankruptcy Code provides several non-exclusive examples, any one of which may constitute "cause," for either the conversion of a Chapter 11 case to a Chapter 7 case or the dismissal of a Chapter 11 case in its entirety.

18.    The burden of showing cause rests with the moving party, In re Loco Realty Corp., No. 09-11785(AJG), 2009 WL 2883050, at *2 (Bankr. S.D.N.Y. June 25, 2009), and that burden can be met either by demonstrating the existence of one or more of the statutory grounds enumerated in Section 1112(b) or by showing other cause.  See 11 U.S.C. §1112(b)(4); In re State St. Assocs., L.P., 348 B.R. 627, 638 (Bankr. N.D.N.Y. 2006) (while the list of examples of "cause" has changed in the 2005 amendment, the fact that they are illustrative, not exhaustive, has not); see also  In re Strawbridge, No. 09-17208 (MG), 2010 WL 779267 at *3 (Bankr. S.D.N.Y. March 5, 2010); In re Loco Realty, No. 09-11785 (AJG), 2009 WL 2883050 at *2; In re Ameribuild Constr. Mgmt., 399 B.R. 129, 131 (Bankr. S.D.N.Y. 2009).

19.    Prior to the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), a lack of good faith in filing a chapter 11 case constituted cause to dismiss a case under Section 1112(b) of the Bankruptcy Code.  See C-TC 9th Ave. P'ship, 113 F.3d 1304 (2d Cir. 1997).  The same standard applies post-BAPCPA.  See In re Strawbridge, 2010 WL 779267 at *3; In re Loco Realty, 2009 WL 2883050 at *2. See In re Ameribuild Const. Management, Inc., 399 B.R. at 132.

20.    Bad faith is present where, under the "totality of the circumstances," maintaining a Chapter 11 reorganization case is not the "proper course of action," In re Fraternal Composite Serv, Inc., 315 B.R. 247, 249 (Bankr. N.D.N.Y. 2003).  A determination as to the good faith of a bankruptcy filing requires an inquiry into any possible abuses of the provisions, purposes, or spirit of bankruptcy law and into whether the debtor genuinely needs the liberal protections afforded by the Bankruptcy Code. See In re Setzer, 47 B.R. 340 (Bankr. E.D.N.Y. 1985); see also In re Loco Realty Corp., 2009 WL 2883050, at *2 (noting that good faith "is required to prevent fraud or abuse of the bankruptcy process.").

21.    Among the facts and circumstances a court should consider (1) whether the filing of the petition was strategically timed to obtain a litigation advantage; (2) whether the debtor's reorganization effort is essentially a two party dispute; (3) the nature and extent of the debtor's assets, debts and business operations; and (4) whether there is a reasonable probability that a reorganization plan can be proposed and confirmed. In Re: HBA East, Inc.,87 B.R.248 at 259.

22.    The facts of this case are consistent with "new debtor syndrome". In Re: Yukon Enters, Inc., 39 B.R.919 (Bankr.C.D.Cal 1984), In Re: Squires Motel, LLC. 416 B.R.45 (N.D. NY, 2009).

23.    In Yukon and Squires, the court found numerous badges of bad faith to be present in cases involving the "new debtor syndrome", these included:

a. the transfer of distressed real property into a newly created or dormant entity, usually a partnership or corporation;

b. the transfer occurring within close proximity to the filing of the bankruptcy case;

c. no consideration being paid for the transferred property other than stock in the debtor;

d. the debtor having no assets other than that recently transferred, distressed property;

e. the debtor having no or minimal unsecured debts;

f. the debtor having no employees and no ongoing business; and

g. the debtor having no means, other than the transferred property, to service the debt on the property.

24.    In this case, the Property was transferred to the Debtor on February 13, 2014. According to the records of the New York State Department of Corporations, the Debtor entity was formed on February 10, 2014.

25.     The deed recorded in the register of the City of New York indicates that there was no consideration paid for the transfer of the Property.

26.     The Petition filed by the Debtor indicates that the Property is the only asset of the Debtor.

27.     The Debtor has no other scheduled unsecured debt except for the management company, which is an insider organization and the Mortgagor.

28.     The Debtor has no employees and no ongoing business.

29.     The Debtor has no means, other than the transferred property, to service the debt on the Property.

30.     Based upon these factors, there is a prima facie showing of bad faith with respect to the filing of the Debtor's petition. See Squires, at 50.

31.     As such, the Debtor has the burden of establishing that there are unusual circumstances that exist such that dismissal of the case would not be in the best interest of the creditors and the estate.  11 U.S.C. 1112(b)(2)requires that the debtor establish:

(a) That there is a reasonable likelihood that a plan will be confirmed…within a reasonable period of time; and (B) that the grounds for granting such relief include an act or omission of the debtor other than under paragraph (4)(A)—(i) for which there exists a reasonable justification for the act or omission; and (ii) that will be cured within a reasonable period of time fixed by the court.

32.     In Squires, as in the case at bar, the Debtor had no equity in the Property to protect the creditor, it was essentially a two party dispute and the parties had had a chance to fully litigate the matter in the foreclosure action.  The Court's focused on what is in the best interests of the creditors and the estate.

33.    In <u>Squires,</u> the Debt was not the obligation of the Debtor, but that of the original obligor/Mortgagor.  The secured creditor indicated that he would not vote for any plan which does not pay the full amount of the judgment of foreclosure.  As a result, the court concluded that the likelihood of confirming a plan is not reasonable.

34.    The facts in the case at bar are identical to those in <u>Squires</u>.  The Loan was given to the Mortgagor, not the Debtor.  Any proposed plan which does not provide for payment in full of Secured Creditor's claim will meet with objection.

35.    For the foregoing reasons, U.S. Bank submits that the bankruptcy case was not filed in good faith.  The Debtor cannot demonstrate a likelihood that a plan will be confirmed or that the factors outlined above demonstrating bad faith can be cured within a reasonable period of time.

III.              **RELIEF FROM AUTOMATIC STAY**

36.    11 U.S.C. 362(d) of the bankruptcy code provides that "on request of a party in interest and after a notice and a hearing, the Court shall grant relief from stay… (1) for cause including lack of adequate protection of an interest in the property of such in party in interest".

37.    The Debtor's bad faith in filing the Chapter 11 petition, itself, constitutes sufficient cause to lift the stay. See <u>In Re: MacInnis</u>, 235 B.R.255, 259, (SDNY 1998); <u>In Re: Sonnax Indus</u>, 907 F.2d 1280 1287 (2d Cir. 1990); <u>In Re: Exclair Bakersy Ltd</u>, 255 B.R.121 (Bankr.SDNY 2000).

38.    As states above, there is no equity in this Property.  Each month in which the automatic stay remains in place results in a substantial and continuing loss to the Secured Creditor.

39.    The Debtor has not tendered any adequate protection payments to Secured

Creditor.

40.    Other factors, called the <u>Sonnax</u> factors, may be considered by the Court in

determining whether relief from stay is appropriate include:  (1) whether the relief would result

in a partial or complete resolution of the issues; (2) lack of any connection or interference with

the bankruptcy case, (3) the interests of judicial economy and the expeditious and commercial

resolution of litigation; (4) whether a specialize tribunal with the necessary expertise has been

established to hear the cause of action; (5) whether litigation in another forum would prejudice

the interest of other creditors; (6)whether movant's success in the other proceeding would result

in a judicial lien avoidable by the Debtor; (7) whether the parties are ready for trial in the other

proceeding; (8) impact of the stay on the parties and balance of harms; (9) whether the other

proceeding involves the debtor as a fiduciary; (10) whether the judgment claim arising from the

other action is subject to equitable subordination; (11) whether the action primarily involves

third parties; and (12) whether the Debtor's insurer has assumed full responsibility for defending

it. Id. At 1285.

41.    Application of the Sonnax factors also indicates that relief from stay is

appropriate in this case.  Several factors apply, including: (1) the bankruptcy filing is essentially

a two-party dispute between Secured Creditor and the Debtor.  If relief from stay were granted,

the foreclosure action would proceed, and it would result in a complete resolution of the issues;

(2) automatic stay relief would promote the interest of judicial economy and the expeditious and

commercial resolution of  litigation.  Secured Creditor already has a judgment of foreclosure and

sale and can sell the Property immediately; (3) the impact of the stay is extremely harmful to

Secured Creditor, which loses thousands of dollars every month the stay continues to be in effect.

42.     Accordingly, in the alternative to a dismissal of the Debtor's chapter 11 petition, Secured Creditor respectfully requests that it be granted relief from the automatic stay to proceed with the Foreclosure Action.

WHEREFORE, Secured Creditor respectfully requests an Order for relief in the alternative as requested herein and for such other and further relief as is just and proper.

Dated: Bay Shore, New York
      July 22, 2016

                              Respectfully submitted,

                              FRENKEL LAMBERT WEISS
                              WEISMAN & GORDON LLP

                              BY:
                              Karen Sheehan, Esq.
                              53 Gibson Street
                              Bay Shore, New York 11706
                              (631) 969 3100

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
IN RE:                                                        CASE NO.:15-40163-cec

Shore Pkwy II Realty, Inc.,                                   CHAPTER 11

                              Debtor.                         Judge: Hon. Nancy Hershey Lord
------------------------------------------------------x
STATE OF NEW YORK  )
                   ) ss.:
COUNTY OF SUFFOLK  )

       Foula Flanagan, being duly sworn, deposes and says: deponent is not a party to the action.
Is over 18 years of age and resides in Suffolk County in the State of New York.

       On July 22, 2016 deponent served the within Notice of Motion to Dismiss or
Alternatively for Relief from the Automatic Stay and Motion to Dismiss or Alternatively for
Relief from the Automatic Stay with exhibits upon:

       Shore PKWY II Realty Inc.
       5308 13th Ave, # 248
       Brooklyn, NY 11229

       Eric Hewitt
       2947 Shore Parkway
       Brooklyn, NY 11235

       Eric H Horn, Esq.
       Attorney for the Debtor
       Vogel Bach & Horn, P.C.
       1441 Broadway, STE 5031
       New York, NY 10018

       United States Trustee
       Office of the United States Trustee
       U.S. Federal Office Building
       201 Varick Street, Room 1006
       New York, NY 10014

       The above parties were served by depositing a true copy of same enclosed in a post-paid
properly addressed wrapper, in a post office-official depository under the exclusive care and
custody of the United States Postal Service within the State of New York.

                                                         Foula Flanagan

Sworn to before me this
22nd day of July, 2016.

Notary Public

JESSICA SPIEGELMAN
Notary Public, State of New York
No. 01SP6093750
Qualified in Suffolk County
Commission Expires June 9, 20__